UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------

AVROHOM P FRIED,
on behalf of himself and the class,   Case No.: 12-cv-624- Judge Skretny

                Plaintiff,

v.

THE BANK OF CASTILE

                Defendant.

-------------------------------------------------

## NOTICE OF JOINT MOTION

Plaintiff Avrohom P Fried and Defendant Bank of Castile hereby move this Court for an order:

(1) certifying the proposed Settlement Class under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only;

(2) preliminarily approving all terms and conditions of the proposed Class Action Settlement Agreement and Release (the "Settlement Agreement");

(3) approving and directing Notice to the Class Members; and

(4) setting dates for submitting claims, exclusions ("Opt-Outs"), objections and a Final Approval Hearing.

In support of this motion, the parties state as follows:

1.      This case arises out of Defendant's alleged failure to provide on-machine posted notice to consumer patrons of a funds withdrawal fee charged to non-customers as allegedly required by the Electronic Funds Transfer, 15 U.S.C. §1693 et seq. (the "Act") at its automated teller machine at the Bank of Castile's branch in Batavia, NY at 408 East Main Street.

2.  Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this case and the risks and expenses likely associated with litigating this case to conclusion. Although Plaintiff's counsel believes Defendant's liability to be clear in this case, Defendant strongly disputes this and the parties recognize that there is significant risk and expense in proceeding through litigation of Plaintiff's claims, including the adjudication of Plaintiff's class allegations. Further, Plaintiff's counsel recognizes that the Act caps the potential statutory award at a figure that exacerbates the risk of protracted class litigation.

3.  Because of these risks, the parties spent a considerable amount of time discussing the possibility of settlement of both Plaintiff's claims and those of the class.

4.  In the course of those discussions, the parties have shared information regarding the relative strengths and weaknesses of their cases. Plaintiff's counsel has learned that the fee notice was allegedly down from June 15th 2012 at approximately 11am until July 17th 2012 at approximately 8am. During the period there were approximately 243 fees assessed to approximately 170 different consumers.

Although Plaintiff believes that his evidence of Defendant's violation of the Act may be conclusive, Plaintiff's counsel is aware of, and has considered, typical defenses in similar cases which could provide a significant defense in this case or, at the very least, mitigate statutory penalties, including the defense that a sign posted prior to Plaintiff's withdrawal had been removed and/or vandalized by a third party without Defendant's knowledge or consent.

Further, neither party disputes that at all times the Subject ATMs contained an "on the screen" notice of the fee charged to non-customers, in compliance with 15 U.S.C. § 1693b(d)(3)(B)(ii). Consequently, Defendant contends that neither the Plaintiff nor any of the settlement class that he represents suffered any actual harm or damages as a result of the absence of an on-the-machine posted notice.

5. Given the risks and expense of litigation, the parties have agreed to a settlement of Plaintiff's claims. The terms of the parties' proposed settlement and the arguments in support thereof are set forth in the following paragraphs, as well as the proposed Settlement Agreement attached to this Joint Motion.

6. The parties have stipulated to certification of the following Settlement Class for settlement purposes only:

> All persons who, from June 15th 2012 at approximately 11am until July 17th 2012 at approximately 8am were charged an ATM fee at The Bank of Castile at 408 East Main Street in Batavia, NY.

7. Plaintiff meets all of the requirements enumerated in Federal Rule 23(a) to certify this case as a class action:

(a) Numerosity. The class is so numerous in this case that joinder of all members would

be impracticable. According to Defendant's records, approximately 170 separate noncustomer cardholders conducted 243 withdrawal transactions at the ATM.

(b) Commonality. Essentially all of the issues of law and fact in this matter are common to the class. This case involves standardized conduct directed toward the entire class, and a common nucleus of operative fact exists. The factual and legal questions applicable to Plaintiff's case of whether Defendant failed to provide necessary disclosures at the relevant ATMs are identical to those of each absent class member.

(c) Typicality. The claims of Plaintiff are typical of the claims of the entire class. Plaintiff's claim that he was charged $3.00 for the transaction at the ATM and that there was no on-machine disclosure regarding non-customer transactions fees is factually and legally indistinguishable from the claims of the class members.

(d) Adequacy of Representation. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no claim that conflicts with a claim of any absent class member, and Plaintiff has sufficient interest in the outcome of this action to ensure vigorous advocacy. Plaintiff and the class members all have claims of equal or similar strength because the facts for each class member would be the same. Moreover, Plaintiff's counsel is competent, experienced, and qualified to represent the interests of the class. Plaintiff's counsel has practiced law since January 2010, first as a lawyer with Herzfeld & Rubin, PC and then on his own. Plaintiff's counsel is a member of the National Association of Consumer Advocates and has attended the annual consumer rights conference in 2010 and 2011 and attended lectures on class actions and class action procedure. Plaintiff's counsel has worked on class actions after departing Herzfeld & Rubin as co-counsel. Plaintiff's counsel has also brought class actions with the Chicago law firm

of Edelman, Combs, Latturner & Goodwin. One of which has been sent to the Multi-District Litigation Panel.

8. In addition, Plaintiff meets all of the requirements enumerated in Federal Rule 23(b)(3) to certify this case as a class action:

(a) Predominance. Common questions of law and fact predominate this action because the factual and legal issues faced by Plaintiff and the class members are identical. Those questions include (i) whether Defendant posted on-machine notice of the transaction fee, (ii) whether Defendant charged a withdrawal fee, (iii) whether Defendant has any defenses; and (iv) whether Defendant violated the Electronic Funds Transfer Act 15 U.S.C. §1693 et seq.

(b) Superiority. A class action is superior to all other available methods for the adjudication of this controversy. The class device presents the most efficient means of adjudicating the rights of the class members, of whom there are potentially 170, presumably most, if not all, of whom are unaware of their rights and thus would not undertake litigation on their own.

9. Pursuant to the Settlement Agreement, the parties have agreed that Defendant will establish an Escrow Amount of $17,500.00, representing the total settlement amount. The Escrow Amount shall be disbursed as follows, pursuant to the Settlement Agreement:

(a) Payment to Class Representative. The Class Representative will receive $1,000.00 for his individual claims.

(b) Payment to Class Counsel. Class Counsel shall receive $10,000.00 in attorneys' fees and costs. This payment is subject to Court approval and Defendant agrees not to object to the Court

awarding this amount to Class Counsel. The Settling Parties agree that this amount would be fair and reasonable.

(c) Class Recovery. The amount remaining in the Escrow Amount after deducting the amounts set forth in paragraphs (a) and (b) above is equal to $6,500. Participating Claimants will receive $1,000.00 each, or their pro rata share of the settlement fund in the event the number of Participating Claimants is such that the pro rata share of each Participating Claimant is less than $1,000.00. Counsel believes this relief to be fair and reasonable to the absent class members when the following factors are accounted for: the risks of further litigation; actual damages suffered by the absent class members; costs of prosecution of individual actions; and the potential statutory recovery under the Act. Counsel for Plaintiff notes that given the number of claims made in similar ATM cases, it is highly likely that each claimant will receive the full $1,000.00.

Any amount remaining in the Settlement Fund shall be paid as a *cy pres* award to the The Legal Aid Bureau of Buffalo, Inc. All such distributions shall be made within thirty (30) days after determination and final payment of all settlement amounts.

10.     The parties have agreed on the forms of Class Notice to be given to Class Members, pursuant to the Settlement Agreement:

publication notice in the Batavia Daily Newspaper twice (attached),

posted notice on the ATMs at Issue (attached),

and website notice (attached).

11.    The parties submit that the proposed forms of Class Notice meet the requirements of Rule 23. Rule 23(c)(2)(B) states, "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The parties submit that newspaper publication notice (covering the geographic area in which the ATMs are located), posted notice, and website notice, is the best Class Notice practicable under the circumstances. The parties' proposed forms of Class Notice are reasonable given that: (a) publication notice is being specifically targeted for circulation in the ATM's vicinity; (b) a detailed notice which includes the full Settlement Agreement, the complaint, and other court documents is being published on the Internet; and (c) notice is also being posted on the ATM that is the subject of this litigation.

12.    Direct notice to the non-customer account holders who were charged a fee is not practical because Defendant does not obtain sufficient personal identifying information relating to noncustomer cardholders in connection with processing ATM transactions. Defendant merely obtains a portion of the card number for such non-customer transactions, from which it can determine the issuing institution. Defendant is not provided and cannot readily ascertain the cardholder's name, address, or any other personal identifying information, including whether the cardholder is a business or consumer.
Other federal courts have recognized the impracticability of providing individual notice in the context of such EFTA class actions. For example, in *Mowry v. JP Morgan Chase Bank, N.A.*, 2007 U.S. Dist. LEXIS 44222 (N.D. Ill. June 19, 2007), the court emphasized:

In the instant action, the only identifying information associated with the approximately twenty million transactions in question are the sixteen digit personal account numbers ("PAN") that Chase's ATMs record during each withdrawal. These PANs consist of a six digit code identifying the bank that the cardholder has an account with, and a ten digit personal identification number, which is known only to each respective bank. Due to the vast number of transactions involved in a potential class action, identifying the financial institutions that are not affiliated with Chase in order to identify the potential class members will be difficult. In addition, once a financial institution that is not affiliated with Chase is properly identified and contacted, that financial institution is not likely to be willing to share identity information for security and privacy reasons. Further, even if financial institutions that are not affiliated with Chase are willing to identify and locate potential class members, the financial institutions may be unable to do so if the potential class members no longer hold accounts with the financial institution. Attempts to identify the potential class members individually will undoubtedly result in prolonged litigation, and even then it is likely that a large number of potential class members will be left out. Id. at *17-19.

13. In addition to the agreed-upon forms of notice, the parties have also agreed on a form of a proposed Preliminary Approval Order (attached) and a proposed Final Approval Order (attached).

WHEREFORE, for the foregoing reasons, the parties request that this Court enter an order:

(1) certifying the proposed Settlement Class for settlement purposes only;

(2) preliminarily approving all terms and conditions of the proposed Class Action Settlement Agreement and Release;

(3) approving and directing Class Notice to the Class Members; and

(4) setting dates for submitting claims, exclusions, objections and a Final Approval Hearing.

Dated: 10/24/12

Respectfully submitted,

*/s/ Shimshon Wexler*

Shimshon Wexler

The Law Offices of Shimshon Wexler, PC

PO Box 250870

New York, NY 10025

212-760-2400

917-512-6132 (fax)

*Attorney for Plaintiff and Putative Class*

*/s/ James P Nonkes*

James P Nonkes

Harris Beach PLLC

99 Garnsey Road

Pittsford, NY 14534

585-419-8611

585-419-8811 (fax)

*Attorney for Defendant*