UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------
AVROHOM P FRIED,
on behalf of himself and the class,

                Plaintiff,

v.

THE BANK OF CASTILE

                Defendant.
---------------------------------------------

Case No.: 12-cv-624- Judge Skretny

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the Parties to the above entitled Litigation: (i) Plaintiff Avrohom P Fried (on behalf of himself and each of the class members to the full extent permissible) by and through Class Counsel; and (ii) Defendant The Bank of Castile, by and through its counsel of record in this litigation. This stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of this Court.

I.    INTRODUCTION

On July 3rd, 2012, Plaintiff Avrohom P Fried initiated an action against Defendant The Bank of Castile captioned *Avrohom P Fried v. The Bank of Castile*, No. 12-cv-624 (The "Class Action"). The Class Action alleged a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., by failing to provide adequate notice of automated teller machine ("ATM") fees, and sought statutory damages. The parties thereafter engaged in certain informal discovery and arms length negotiations regarding a possible resolution of this matter.

For its part, Defendant has concluded that, although it disputes Plaintiff's entitlement to any recovery, it is nonetheless desirable that the litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendant has taken into account the uncertainty and risks inherent in any litigation, and has determined it is desirable and beneficial that the Lawsuit be settled without in any way acknowledging any wrongdoing, fault, or liability to Plaintiff or the Class.

Plaintiff, for his part, believes his claims under the EFTA have merit. However, he and his counsel are mindful of the defenses to the alleged violations Defendant has expressed, and also recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Lawsuit against Defendant through trial and appeals. Plaintiff and his counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff and his counsel, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of all Class Members and that it confers substantial benefits upon the Class Members.

## II. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff( for himself and the Class Members to the full extent permissible) and the Defendant, by and through their respective counsel of record, that, subject to the approval of the Court, the Lawsuit and the Released Claims shall be finally and fully compromised, settled, and released, and the Lawsuit shall be dismissed with prejudice, as to the Defendant, upon and subject to the terms and conditions of this stipulation, as follows:

1. **Definitions**

   1.1. "ATM at Issue" means the automated teller machine located at 408 East Main Street in Batavia, New York.

   1.2. "Claim Form" means the form attached hereto as Plaintiff's Proposed Exhibit A

   1.3. "Class" means all persons who used the ATM at Issue between June 15th 2012 at 11am through July 17th 2012 at 8am.

   1.4. "Class Counsel" means The Law Offices of Shimshon Wexler, PC"

   1.5. "Class Member" means a person who falls within the definition of the Class, and "Class Members" means all such persons.

   1.6. "Class Notice" means the notice to be approved by the Court as set forth in paragraph 2.6 below.

   1.7. "Class Period" means June 15th 2012 at 11am through July 17th 2012 at 8am.

   1.8. "Court" means the United States District Court for the Western District of New York.

   1.9. "The Bank of Castile" means The Bank of Castile, a subsidiary of Tompkins Financial Corporation.

1.10. "Effective Date" means the date on which the Final Approval Order becomes final.

1.11. "Escrow Agent" means the claims administrator which will be Class Counsel.

1.12. "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of the Settlement Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Approval Order.

1.13. "Final" means the later of: (i) the date a Final Approval Order is entered by the Court if no objection(s) is filed; or (ii) the date of expiration for the time for noticing a valid appeal from the Final Approval Order if an objection(s) is filed and an appeal is not noticed; or (iii) the date of final affirmance or dismissal of the last pending appeal if an appeal is noticed.

1.14. "Final Approval Order" means an order and judgment by the Court finally approving the terms of the Stipulation pursuant to Fed. R. Civ. P. 23(e).

1.15. "Lawsuit" means the lawsuit *Fried and the class v. The Bank of Castile*, currently pending in the Court as 12-cv-624.

1.16. "Participating Claimant" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

1.17. "Parties" means, collectively, the Defendant and the Plaintiff (on behalf of themselves and to the full extent permissible the Class Members).

1.18. "Plaintiff" means Avrohom P Fried.

1.19. "Preliminary Approval Order" means an order by the Court preliminarily approving the terms of this Stipulation and ordering that notice be issued.

1.20. "Released Claims" means any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever (including, but not limited to, all claims for damages, interest, attorneys' fees, and expert consulting fees and all other costs, expenses, and liabilities whatsoever), whether based at law or in equity, on federal, state, local, foreign, statutory, or common law or any other law, rule, or regulation, whether known or unknown, accrued or not accrued, forseen or unforeseen, matured or not matured, that were asserted or that could have been asserted directly, indirectly, representatively, or in any other capacity, at any time, in any forum by Plaintiff against the Released Party arising out of, based upon or related in any way to (a) the allegations that were made or that could have been made in the Litigation and any of the facts, events, occurrences, disclosures, acts, omissions, or failures to act which were or that could have been asserted by Plaintiff in the Litigation; or (b) the settlement or resolution of the Litigation.

1.21.   "Released Party" means Defendant The Bank of Castile, its current and former parents, subsidiaries, affiliates, divisions, controlled companies, officers, directors, managers, shareholders, members, partners, employees, predecessors, successors, assigns, agents, attorneys, members, consultants, advisors and insurers.

1.22.   "Settlement Fund" means the fund described in paragraph 2.2 below.

1.23.   "Valid Claim Form" means a Claim Form that is completed, signed under penalty of perjury, and timely returned to Class Counsel, postmarked within sixty (60) days after the Preliminary Approval Order. Plaintiff and Defendant shall have the right to verify that each Claim Form submitted is valid in that it reflects use of the ATM at Issue during the Class Period and for which usage the Class Member was charged a usage fee by Defendant. Either Party challenging any claim shall apprise the other party of the challenge and the Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim. If the Parties are unable to resolve such a challenge, the Parties shall submit the challenge to the Court for resolution.

## 2.   SETTLEMENT TERMS AND CONDITIONS

2.1.   The Settlement Class. The parties agree to stipulate to certification of the following Class for settlement purposes only:

All persons who used the automated teller machine operated by The Bank of Castile at 408 East Main Street in Batavia, New York between June 15th 2012 at 11am through July 17th 2012 at 8am, and who were charged a $3.00 transaction fee for the use of the automated teller machine.

In the event that the Effective Date does not occur, then the certification of the Class shall be vacated without prejudice to the Parties.

2.2.   Settlement Fund.   Defendant shall pay in cash the total amount of $17,500 plus the additional cost for notice as described below. The procedures for distributing the money are as follows:

A.   Within ten (10) business days after entry of a Final Approval Order, Defendant shall mail a check by overnight delivery payable to "The Law Offices of Shimshon Wexler, PC IOLA Account". This amount represents $10,000 in attorneys' fees and costs, $1,000 for the plaintiff and a Class Settlement Account of $6,500. The Class Settlement Account shall be divided, *pro rata*, among Participating Claimants; provided, however, that no Class Member shall receive payment from the Settlement Fund in excess of $1,000.

B.   Class Counsel will reimbursed for the following costs, which are to be paid by Plaintiff as incurred: (a) the cost of twice publishing notice (attached) in the Batavia Daily Newspaper; (b) the cost of posting notice of the settlement on a website the name of which will

be agreed upon by the parties; and (c) the cost of posting the notice on the ATM. Prior to incurring any costs related to notice and/or administration of the Settlement Account, Plaintiff shall submit invoices to Defendant for approval and Defendant shall, within fourteen days of receipt, advise Plaintiff in writing whether it objects to any invoiced amounts. In the event the parties are unable to reach agreement with respect to any disputes that may arise, they shall submit the issue to the Court for resolution.

C. If any funds remain in the Settlement Account after all payments to participating claimants are made, that amount of money shall be paid to the Legal Aid Bureau of Buffalo, Inc.

2.3. **The Escrow Agent.**

A. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court or with the written agreement of counsel for Plaintiff and Defendant.

B. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.4. **Determination of Attorneys' Fees/Costs.** As stated above, the parties have agreed that subject to court approval plaintiff's counsel is entitled to attorney's fees and costs in the amount of $10,000. Defendant will not oppose an application by plaintiff's attorney for that amount.

2.5. **Release.**

A. Upon the Effective Date, Plaintiff and each of the Class Members, on behalf of themselves, their predecessors, successors, heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys shall be deemed to have, any by operation of the judgment shall have: (i) fully, finally, and forever released and discharged all Released Claims against the Released Party; (ii) covenanted not to sue the Released Party or otherwise assert, directly or indirectly, any of the Released Claims against the Released Party; and (iii) agreed to be forever barred and enjoined from doing so, in any court of law or equity, or in any other forum. The foregoing release excludes claims for breach of this Stipulation or any agreement made herein.

B. Defendant represents that it has no claims against Plaintiff, his heirs, agents, or attorneys, arising out of the facts alleged in the Lawsuit.

2.6. **Class Notice.** The parties agree that Notice may be provided to the Class in the method and form attached as the Exhibits hereto. The costs of such Notice shall be borne by Plaintiff, and paid as incurred, but subject to reimbursement, as discussed in 2.2B above.

2.7. <u>Effect of Disapproval, Cancellation or Termination.</u>

A. If the Court does not enter the orders or judgment as provided in this Stipulation, or if the Court enters the orders or judgment and, upon appellate review, such orders or judgment are set aside or materially modified, then this Settlement Agreement shall be cancelled and terminated, subject to the provisions of this Settlement Agreement, unless each party, within ten days from the date of the entry of such ruling, provide written notice to the other Party, of its intent to proceed with the Settlement as modified. Neither a modification nor a reversal on appeal of any amount of fees, costs, expenses and interest awarded pursuant to any motion for attorney's fees and costs shall be deemed a material modification of the terms of this Stipulation and Settlement Agreement.

B. If any of the conditions specified in sections 2.2 and/or 2.7A are not met, and unless Class Counsel and counsel for Defendant mutually agree in writing within ten days of their receipt of notice of any failed condition to proceed with the Stipulation, then (1) the Stipulation shall be cancelled and terminated; (2) the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status and (3) the Parties shall otherwise proceed in all respects with the Lawsuit without prejudice in any way from the negotiation, fact, or terms of the settlement set forth in the Stipulation.

C. In the event the Stipulation shall terminate, be cancelled, or not become effective for any reason, within 5 business days after written notification of such even is sent by counsel for Defendant to the Escrow Agent, the Settlement Fund shall be returned to Defendant.

D. The Stipulation and Settlement Agreement may be cancelled or terminated at the request of either party should the Court decline to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure or approve all material settlement terms, including entry of a Final Approval Order.

2.8. <u>Representation as to Additional Claims.</u> Plaintiff and Class Counsel represent that they have not been retained nor are they aware of any other person with EFTA claims against Defendant.

2.9. <u>Opt-Out/Exclusion/Right to Object/Participation.</u>

A. <u>Opt-Out/Exclusion.</u> Any Class Member may seek to be excluded from this Settlement Agreement as detailed in the Class Notice and within the time ("Opt-Out Deadline") and in the manner provided by the Court. Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor be entitled to any of its benefits.

B. <u>Objection.</u> Any Class Member may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and within the time and in the manner provided by Court order. Any Class Member who exercises his or her right to object to this

Settlement Agreement will be responsible for his or her own attorneys' fees and costs. Class Counsel and attorneys of record for Defendant must also be served with copies of any objections, postmarked no later than the deadline set by the Court. The Class Notice shall advise Class Members of this option. Any objections must be in writing and timely submitted or else they are waived.

C. <u>Participation.</u> Any Class Member may seek to participate in the Lawsuit. Any Class Member who exercises his or her right to participate in the Lawsuit will be responsible for his or her own attorneys' fees and costs.

2.10. <u>Preliminary Approval Order.</u> As soon as practicable after execution of this Stipulation and Settlement Agreement, the settling Parties shall jointly request an order from the Court that:

A. certifies a Class, for purposes of this settlement only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B. preliminarily approves this Settlement Agreement, subject to the rights of the Class Members to be heard on the terms and the reasonableness of the settlement at the Fairness Hearing as described in the Notice;

C. schedules a Fairness Hearing for final approval of this Settlement Agreement;

D. approves the form and manner of Class Notice and finds that such Notice satisfies the requirements of due process pursuant to Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law and finds that no further notice to the Class is required.

The settling Parties agree to request the form of Preliminary Approval Order attached hereto. The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.11. <u>Final Approval Order.</u> At the conclusion of, or as soon as practicable after the close of the Fairness Hearing, the settling Parties shall jointly request that the Court enter a Final Approval Order which:

A. approves the terms of this Settlement Agreement as fair, reasonable, and adequate; providing for the implementation of its terms and provisions;

B. finds that the Notice given to the Class satisfies the requirements of due process pursuant to Federal Rule of Civil Procedure, the United States Constitution and any other applicable law;

C.  dismisses all Released Claims of Plaintiff and the Class with prejudice and without costs;

D.  bars and permanently enjoins the Plaintiff and Class Members from prosecuting, commencing, or continuing any and all Released Claims which they had or have, against the Released Party in any forum;

E.  directs that judgment entered pursuant hereto be deemed final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

F.  retains the Court's exclusive jurisdiction to enforce the terms and provisions of this settlement agreement.

The settling Parties agree to request jointly the form of Final Approval Order attached hereto as Exhibit F. The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

Pending the Effective Date, the Parties agree that all proceedings in the Lawsuit, with the exception of matters relating to the implementation of this Agreement shall be stayed.

**3.   Miscellaneous Provisions**

3.1.  **No admission of Liability.** Whether or not this settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendant of any liability or wrongdoing whatsoever. The Released Party denies liability for the allegations made in the Lawsuit. Nothing in this Agreement is to be construed as Defendant agreeing that this case was appropriate for class action status or certification.

3.2.  **Best Efforts.** The settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement. The Parties intend the Settlement Agreement as set forth in the Stipulation to be a final and complete resolution of all disputes between them with respect to the Lawsuit. The parties agree that the amount of the Settlement Fund and the other terms of the Stipulation were negotiated by the Parties in good faith and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

3.3.  **Exhibits.** All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

3.4.  **Modifications.** This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

3.5. <u>Notices</u>    Notices regarding this Settlement Agreement directed to Plaintiff and/or the Class shall be sent to:

The Law Offices of Shimshon Wexler, PC

Shimshon Wexler, Esq.

2710 Broadway, 2nd Floor

PO Box 250870

New York, NY 10025

Notices to Defendant shall be sent to:

Harris Beach PLLC

James P. Nonkes, Esq.

99 Garnsey Road

Pittsford, NY 14534

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

3.6. Counterparts. This Stipulation and Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or scanned copies of the signature pages of this Settlement Agreement may be treated as originals and shall be fully and legally binding on the Parties.

3.7. Binding Agreement. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and each Class Member and each of their respective current and former heirs, executors, administrators, assigns, agents, and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Defendant and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys.

3.8. Governing Law.    This Settlement Agreement shall be considered made in the state of New York and New York law governs its interpretation.

3.9. Retention of Jurisdiction.    The Court shall retain jurisdiction to implement and to enforce the terms of this Settlement Agreement.

3.10. **Interpretation.** The settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that the settling Parties and their respective counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contribute to its revisions.

3.11. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement of the settling Parties hereto as to the matters raised herein. The Parties acknowledge that there are no oral communications or other forms of communications which supplement or take away from this agreement.

3.12. **Severability.** In case any one provision of this agreement is deemed invalid, illegal or unenforceable in any respect, the remaining provisions in the agreement shall not be affected and/or impaired in any way.

IN WITNESS WHEREOF, the settling Parties hereto, have so agreed on the dates noted below.

Avrohom P. Fried

Plaintiff and Class Representative

By: _____ Date 10/18/2012

Approved as to form:

By: _____ Date 10/22/2012

Shimshon Wexler

Counsel for Plaintiff and the Class

The Bank of Castle

Defendant

By: _____ Date 10/22/12

Its

Approved as to form:

By: _____ Date 10/24/12

James Nonkes