UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
AVROHOM P. FRIED,
on behalf of himself and the class,   Case No.: 12-cv-624S

                Plaintiff,
   v.


THE BANK OF CASTILE

                Defendant.
-------------------------------------------------------


## PRELIMINARY APPROVAL ORDER

Presently before this Court is the parties' joint motion for preliminary approval of their Class Action Settlement Agreement and Release. This Court makes the following findings:

1. Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All persons who used the automated teller machine operated by The Bank of Castile at 408 East Main Street in Batavia, New York between June 15, 2012 at 11 am, and July 17, 2012 at 8 am, and who were charged a $3.00 transaction fee for the use of the automated teller machine. According to Defendant's records, there are 170 such people.

2. For settlement purposes only:

(A) The class as defined is sufficiently numerous such that joinder is impracticable.

(B) Common questions of law and fact predominate over any questions affecting only individual Class Members. Those questions include whether or not the Bank of Castile violated the fee

notice requirements of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and its implementing regulation, 12 C.F.R. § 205.1 *et seq.*

(C) The claims of Plaintiff are typical of the Class Members' claims.

(D) Plaintiff is an appropriate and adequate representative for the Class, and his attorney, The Law Offices of Shimshon Wexler, PC, is hereby appointed as Class Counsel.

(E) A class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3. The proposed settlement is fair and reasonable, and this Court grants preliminary approval of it. In the event that the proposed settlement is not ultimately approved for any reason, Defendant shall retain its right to contest certification of the Class. Plaintiff will receive $1,000, the maximum statutory damages allowed. The class will receive $6,500. Plaintiff's counsel will receive attorney's fees and costs of $10,000. If each class member submits a claim form they will receive approximately $35. Plaintiff's attorney will be compensated approximately $55 per class member.

4. The Court approves the proposed forms of notice to the Class, and directs that notice be implemented in accordance with the Settlement Agreement, i.e., through targeted newspaper publication notice (covering the area in which the ATM is located), posted notice, and website notice. This complies with Fed. R. Civ. P. 23(c)(2), which requires "the best notice that is practicable under the circumstances." The parties agree, as does this Court, that providing individual notice to each potential claimant is not feasible here because of the impracticality of attempting to identify individual ATM users. Under such circumstances, the proposed forms of

notice satisfy Rule 23. <u>See</u> <u>Siragusa v. Advance Fin. Fed. Credit Union</u>, No. 2:09-cv-328, 2010 WL 3000715 (N.D. Ind. July 9, 2010) (R&R) (recommending proposed final order of settlement in which notice was posted on a website, published in a local newspaper and posted on the ATM at issue in the litigation), adopted, 2010 WL 3000703 (N.D. Ind. July 28, 2010); <u>McKinnie v. JP Morgan Chase Bank, N.A.</u>, 678 F. Supp. 2d 806, 813 (E.D. Wis. 2009) (approving adequacy of notice by newspaper publication and website posting where individual notice, particularly to non-Chase customers who used Chase ATMs, was not feasible). Class Counsel will file an affidavit with the Court when notice has been so published and posted.

5. This notice -- through newspaper publication (covering the area in which the ATM is located), posted on the pertinent ATM, and on the Internet -- is the only notice to the Class Members that is required.

6. Class Members shall have 90 days after today's date to send in a Claim Form, opt out, or object to the proposed Settlement Agreement. Class Notice is to be issued within 14 days of today's date.

7. Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form. The Claim Form is attached to the Stipulation and Settlement Agreement. This form requires any class member to provide a copy of his or her receipt(s) or, in the alternative, a copy of his or her bank statement(s) showing use of the ATM during the relevant time period. The Claim Form will be available for download at a website that will be created by the plaintiffs

or by contacting Class Counsel. To be timely, a Claim Form must be sent to Shimshon Wexler, PO Box 250870, New York, NY 10025 and received within 90 days of today's date.

8. Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement Agreement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to Shimshon Wexler, PO Box 250870, New York, NY 10025 and received within 90 days of today's date. To be effective, the request for exclusion **must make clear** that exclusion is sought. An example of this would read: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *FRIED V. THE BANK OF CASTILE*. I UNDERSTAND THAT BY OPTING OUT OF THE SETTLEMENT, I WILL NOT RECEIVE ANY BENEFITS THAT I WOULD OTHERWISE BE ENTITLED TO IF I PARTICIPATED IN THE SETTLEMENT CLASS." The request for exclusion must also contain the excluded Class Member's name, address, and signature.

9. Any Class Member who objects to the settlement contemplated by the Settlement Agreement shall have a right to appear and be heard at the Final Approval Hearing. Class Members who wish to object should provide a written notice of objection to either Plaintiffs' Class Counsel, or Defendant's counsel. Counsel is responsible for forwarding any received objections to opposing counsel. Objections must be received within 90 days of today's date. Class Counsel and Defendant's counsel may, but need not, respond to the objections, if any, by means of a memorandum of law. That memorandum shall be no longer than 10 pages, and must be submitted no later than 5 business days prior to the Final Approval Hearing.

10. A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on June 5, 2013 at 9:00 a.m.

11. Accordingly, Plaintiff's Motion for Preliminary Approval of Class Action Settlement is **GRANTED**, consistent with this Order.

SO ORDERED.

Dated: January 31, 2013
       Buffalo, NY

                                                s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                                    Chief Judge
                                          United States District Court