```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
```
AVROHOM P. FRIED,
on behalf of himself and the class,                     Case No.: 12-CV-624S
                              Plaintiffs,
      v.

THE BANK OF CASTILE,

                         Defendant.
```
------------------------------------------------
```

## FINAL ORDER AND JUDGMENT

Presently before this Court is Plaintiff's Motion for Final Order and Judgment of a Class Action Settlement. (Docket No. 23) Having considered the arguments and papers submitted, as well as the proceedings to date, **THIS COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

2. Notice was given to the Settlement Class as set forth in the Settlement Agreement;

3. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23 and all substantive and procedural due process rights guaranteed by the United States Constitution;

4. No members of the Settlement Class opted out of the Settlement Agreement;

5. No members of the Settlement Class objected to the Settlement Agreement;

6. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

7. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

8. The following class is hereby certified for settlement purposes only:

All persons who used the automated teller machine operated by The Bank of Castile at 408 East Main Street in Batavia, New York between June 15, 2012 at 11 am, and July17, 2012 at 8 am, and who were charged a $3.00 transaction fee for the use of the automated teller machine.

9. This Court hereby GRANTS the Motion for Final Approval of the Class Action and approves the settlement as set forth in the Settlement Agreement and in this Court's Preliminary Approval Order. The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).   In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated.  It was the result of arms-length negotiations, which were undertaken in good faith by counsel, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)).

10. The Parties shall implement the Settlement Agreement as required by its terms, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement. This Court hereby dismisses with prejudice this Lawsuit, all claims contained therein and all Released Claims and, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay, and orders the entry of a Final Judgment;

11. This Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and Judgment;

12. This Court finds an award of $1,000.00 to Plaintiff as representative of The Bank of Castile Settlement Class to be fair and reasonable. $1,000.00 is therefore awarded to Avrohom P. Fried;

13. This Court finds a *cy pres* award of $6,500.00 to be paid to the Legal Aid Bureau of Buffalo, Inc. to be fair and reasonable. $6,500.00 is therefore awarded to the Legal Aid Bureau of Buffalo, Inc.;

14. This Court finds an award of $10,000.00 in attorney fees and costs is fair and reasonable based upon a review of Class Counsel's certifications and time expended in this litigation. $10,000.00 is therefore awarded to Class Counsel. Otherwise, the Parties are to bear their own attorney fees and costs;

15. This Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims; and

16. The Clerk of Court shall close this case.

SO ORDERED.

Date:  June 12, 2013

/s/William M. Skretny

WILLIAM M. SKRETNY
Chief Judge
United States District Court